31

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF MICHIGAN**

Case: 2:24-cv-11776
Assigned To : Edmunds, Nancy G.
Referral Judge: Ivy, Curtis, Jr
Assign. Date : 7/9/2024
Description: CMP ARNOLD V. BROOKS II, ET AL (EV)

**Andre Darnell. Arnold**

**Protected Class Member**

**42 U.S.C 3613 Enforcement.**

**42 U.S.C 12188 Enforcement.**

**The Enforcement Act. FHA. ADA.**

**Complaint Civil Rights**

**District Judge Hon: Denise Page. Hood**

**Magistrate Hon: Elizabeth A. Stafford**

**Vs.**

**Multi Defendants/Parties.,**

**SafeRent Solutions LLC. Benjamin P. Brooks II, Owner**

**Park Hill Holdings LLC. Benjamin P. Brooks II, Owner**

**Stone Point Capital. Charles Davis, Chief Executive Officer**

**Insight Partners. Deven Parekh, Managing Director**

**CoreLogic. Patrick Dodd, Chief Executive Officer**

**CoreLogic. Aaron Henry, Chief Legal Officer**

**CoreLogic Credco. George Zoffel, Chief Executive Officer**

**Experian. Brian Cassin, Global/Chief Executive Officer**

**Experian. Jennifer Schulz, North America, Chief Executive Officer**

**Experian. Alex Lintner, Software, Chief Executive Officer**

**PMC SFR Borrowers. Brian Buffington, Landlord**

**Progress Residential. Adolfo Villagomez, Chief Executive Officer**
**Progress Residential. Brian Buffington, Vice President**
**Progress Residential. Ama Romaine, General Counsel**
**Progress Residential. Cherry Malichi. Assoc General Counsel**
**Pretium Partners. Don Mullen, Chief Executive Officer**
**Mountains Edge Master Association, Christopher Crowell, President**
**Nevada Community Management, Cynthia Chanes**
**see: continue parties for liabilty,.**

**THE CONSTITUTIONAL FEDERAL CIVIL RIGHTS**

**The Constitution 13th. 14th. 15th. 4th. Amendment, violations**

**ENFORCEMENT ACTION MULTI DEFENDANT COMPLAINT**

**The Fair Housing Act. & Americans Disabilities Act**

**To: The Hon. Denise Page. Hood.,**
**Here, at the Theodore Levin United States District Court, Detroit Michigan.**
**On July 9th 2024. Protected Class Member, Andre Darnell. Arnold, Delivered, The Constitutional Federal Civil Rights Enforcement Action, FHA. ADA. Multi Defendant Complaint,.**
**The violations contained here are continuing as referring to a series of related discriminatory events and acts.**
**The Denfendants have applied machine technology to the approval and denial processing of applications, this process has been used for decades excluding Members of Race, Color and Disability.**
**In review of an influential decision on the issue of Discriminatory Intent,**
**In 1970, a Federal Court of Appeals ruled against a defendant who had a valid, nondiscriminatory excuse for rejecting a minority Plaintiff, but who**

**also "did not want to rent to her because she was colored."**

**In an oft-quoted passage, the court held that, "Race" is an impermissible factor in an apartment rental decision and cannot be brushed aside because it was neither the sole reason for discrimination nor the total factor of discrimination.**

**The Court found no acceptable place in law for partial racial discrimination.**

**This view was adopted by many of the lower courts in the 1970s and 1980s.**

**History reflects that in those times Courts did not reject a claim where it was established that race or some other prohibited basis was at least a partial reason for the denial of housing.**

**In the discussion of what's recognized as discriminatory impact or discriminatory effect, it should be noted that the principal focus is the impact or effect of the policy, rather than the intent or treatment.**

**Mr. Arnold will move for an order to amend the Statute, "Segregative Effect", additionally, Discriminatory Intent, which should be coupled with Treatment, Intentional, Motives, Pretext, Mixed Theories.**

**It should be noted that proving a Violation of Discriminatory Intent are the same regardless of whether a case involves Discrimination on the basis of race, color, religion, sex, disability, familial status, or national origin.**

**Noting, The Fair Housing Act. does not distinguish between these types of, Discrimination and with that.,**

**Jurisdiction, 42 USC CH 45 Fair Housing Act. 3601.**

**28 U.S.C. 1331 Federal Question, the District Courts shall have original Jurisdiction of all Civil Actions arising Under the Constitution, Laws, or Treaties of the United States.**

**Venue is Proper, at 28 U.S.C. 1391 (b)**

**Rule 5.1. Constitutional Challenge,**
**Violation of the 13th amendment, Servitude, Slavery.**
**Violation of the 14th amendment, Segregation.**
**Violation of the 15th amendment, the Civil Right of Citizens to Vote shall not be denied or abridged.**
**Violation of the 4th amendment, Unreasonable Search/Privacy Violations.**
**Black Code Laws, Enslave, Segregate, Generate Hate, Purpose Servitude.**
**New Framework & Theories will be Required BothIn Violations as well 1964 - 1968 - 1990,. The Constitutional Statutory Language and Law is in Error,.**
**28 U.S.C. 1361. Action to compel an officer or employee of, the United States or any agency thereof to perform a duty owed to the Plaintiff,**
**All Writs Act (a) 28 U.S.C. 1651**
**The dfendants are repeated violators of the Act. FHA. ADA. as said the violators are non compliant, so for that, Civil Rights Enforcement Action.**
**Mr. Arnold respectfully requests that the District Court permit for the continuing of an ongoing action, securing all Federal Constitutional Rights, here with these facts specified the matters cannot be resolved by ADR, as such is Prohibited and requires emergency injunctive and equitable relief.,**
**Mr. Arnold was born Feb 22nd 1980, he's currently 43 years old, Andre is handicapped by way of vision, mental and physical impairments and prefers to be identified as an African American Male of Race & Color, other Rights ``Human" Alike.**

**The Issue requiring Emergecy Injuctive Equiable Relief,.**
**The website in which Criminal Records have been obtained reads.**
**The only way to positively identify a person posted on the Internet website as a sexual offender is to compare the offender's fingerprints against the**

**fingerprints taken at the time of arrest or incarceration, Fact…**

**THE ACT. ADA ENFORCE DECEPTIVE DISCRIMINATORY PRACTICE**

**May 2021, Mr. Arnold submitted an application for a residential property located in Las Vegas Nevada, the tenant screening process was conducted by defendants "SafeRent", "SafeRent" helps property managers, landlords, and real estate agents cover the application cycle, this should include, "applying for a lease".,**

**In May, Mr. Arnold's application was denied, following this emails were sent attached with adverse action letters with instructions to contact the defendants for any denial related questions or disputes, direct evidence.**

**Furthermore the defendants gathered information pertaining to a registered sex offender, Andrey Love. Young, and identified Mr. Arnold as such, the profile included multiple counts of sexual assault charges, direct evidence.**

**The defendants relied on public records, direct evidence.**

**The defendants Andrey Love. Young registration in the State of Pennsylvania, direct evidence.**

**The defendants utilized a photograph of Andrey Love. Young, taken 11/27/17 and painted the offender as Mr. Arnold, which unfortunately denied him and Mrs. Arnold, the "Wife", who's "White", direct evidence.**

**Mr. Arnold is a Black Man with Disabilities which is Equivalent to Disparity.,**

**Andrey L. Young's profile can be found at Pennsylvania State Police Megan's Law Website, direct evidence. and those records read, "who otherwise misuses this information may be subject to criminal prosecution or civil liability", direct evidence.**

**Mr. Arnold would like to confirm for the record the information was misused.**

**Mr. Arnold requested the information multiple times leading up to the Multi Defendant Complaint.**

**The defendant's report reads Andre L. Young, 00/00/1980, direct evidence, The defendants did not utilize the listed providers/vendors, direct evidence. The defendants utilized Mr. Arnold's social security number and other identifying information, such as his credit file, which authenticates the information, for clarification the defendants utilized Mr. Arnold's Experian credit file in the process of this mix of sexual criminal records which can be found on the Megan's List.**

**The defendant's utilize machines and technology to create these records to generate a denial that should include the adverse action letters which are also automated to automatically exclude Class Members of Color, Race and Disabilities.**

**The denials are paid upon contracting with SafeRent by the Property Management. In this instance "Progress" acts as Manager of the Property, while PMC SFR BORROWERS is the actual Landlord.**

**The defendants registered sex offender Andrey L. Young's full name is Andrey Love. Young, is a sexual predator who was incarcerated when the records were created, oddly while Mr. Arnold was being denied housing, direct evidence.**

**The defendants were aware that that the information would reject Mr. Arnold yet refused to comply with The Fair Housing Act. Americans Disabilities Act., even after making aware of these facts, along with HUDs guidance concerning Criminal Background Records, and Technology..**

**Mr. Arnold has no relation to Andre L. Young 00/00/1980 nor Pennsylvania. Mr. Arnold was a resident in the State of South Carolina at such time and prior, California, direct evidence.**

**Mr. Arnold has no registration orders or requirements nor history of arrest relateing to sexual assault nor any arrest or convictions relating to sexual**

**The Arnold family was forced to pay for Renters insurance monthly while enduring these conditions and this was harmful and miserable.**

**Mr. Arnold submitted requests for reasonable accommodation both ADA and Fair Housing Act. which Prohibits discrimination in housing.**

**Mr. Arnold made multiple requests for reasonable modifications yet was denied even to the extent of emergency to prevent injury, and was still denied.**

**Mr. Arnold submitted a request for modification and accommodations to the Nevada Community Management, Cynthia Chanes, who explained that neither tenant nor management could request modification to HOA for the purpose of backyard landscaping; only the owner, PMC SFR Borrowers, who refused ADA FHA modification and accommodation.**

**The request did not require building plans or construction, and**

**Mr. Arnold provided photos and measurements of this to Progress.**

**Progress sent man to residence who harassed Mr. Arnold inside his home, and when ask to live refused, the stood in the living room for long periods of time staring at Mr. Arnold, this made him afraid, and this was explained to the man yet he continued, and leave in and out of doors throughout the residence as to upset and frustrated Mr. Arnold, who aso explained this to the man, who raised his eyebrows grinninga and refusing to leave.**

**The property was not safe and habitable, for lease/rent.**

**Progress lease renewal denied after an offer was made a week prior to the Arnold's family, the renewal was then denied, because the family had made complaints and was being denied modifications at own expense and those accommodations were denied as well.**

**Mr. Arnold made complaints, he was forced out of the residence**

**by inducement, trickery, manipulation, fraud, duress, coercion.**

**misconduct, direct evidence.**

**Mr. Arnold has no aliases, monikers, nicknames in reference to Andre L. Young, 00/00/1980.**

**RULE 201. JUDICIAL NOTICE OF ADJUDICATIVE FACTS**

**THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**

**Excluding rental applicants due to criminal records has a Disparate Impact On "Latinos and African Americans", direct evidence.**

**In furtherance to avoid the Discrimination an individualized review should be conducted in order to determine if the affected individual poses a genuine and ongoing threat to persons or property.**

**Mr. Arnold was never given the opportunity to offer evidence inorder to refute the information prior to rejection or denial!**

**The defendant's report contained registered sex offender files including multiple counts of criminal conduct, Pennsylvania Andre L. Young 00/00/1980.**

**No individualized assessment was conducted prior to the defendants generating a denial or adverse action and denial of the Arnold family which resulted in multiple injuries, damages, harm and delays.**

**Mr. Arnold finds barriers have been attached within the platforms of the defendants technology being used.**

**The Defendants did not conduct a review to confirm suitability for tenancy before its rejection nor did the defendants offer the opportunity for such an assessment, an individualized review would have shown that Mr. Arnold nor Mrs. Arnold posed a threat to the community, because neither had registration requirements in Nevada nor Pennsylvania in which the offender**

**Andrey L. Young had been detained, convicted and incarcerated at the time of the denial in question.**

**Mr. Arnold has no arrest nor convictions for sexually related crimes.**

**Mr. Arnold has no registration requirements or orders relating to Megan's law or otherwise.**

**Mr. Arnold was subjected to discrimination resulting in denials, adverse action, delay, harm, with multiple damages.**

**A Physical or Mental Impairment "means any" Physiological Disorder, any Mental or Psychological Disorder, such (as) Intellectual Disability (formerly termed "mental retardation"), organic brain syndrome, emotional or mental illness, and specific learning disabilities.**

**While conducting Fair Housing Act. investigations in response to these allegations of discriminatory housing practices here now in question "Progress" and Third Party Tenant Screening Company "SafeRent",.**

**Mr. Arnold contacted the defendants and requested their compliance dept, he spoke with a employee whom states for that she would need to submit a call back request, an inquiry was made as to procedures, SafeRent employee named Wendy informs Mr. Arnold that she would be connecting him with someone, The call was transferred to a gentleman who also identified himself as an employee for "SafeRent", Andre and the gentleman engaged in communication for sometime, until the man who's name is Eric states that he was receiving information from the legal Dept, that he could no longer speak with Mr. Arnold, this appeared odd and gave the appearance of a third person listening in on the call, "But why!?" Mr. Arnold requested the phone number to the Legal Dept, and was placed on hold, the call was transferred again to a man who claimed to be the attorney for "SafeRent", more specifically the man referred to, Case Titled: Terry Brown v CoreLogic Rental Property Solutions,**

**In which in these proceedings, SafeRent is f/k/a Corelogic RPS, and whenever describing those events it should be understood that the communication has been determined to be discriminatory, coercive, intimidating, threatening an interfering with a protected right to obtain information as to the cause of the denial, and adverse action,.**

**Furthermore these Acts are Prohibited, and retaliatory needless to say, the call was also retaliatory as such, Mr. Arnold refers to the behavior and conduct as Intentional Discriminatory Treatment.**

**Dec 2021. SafeRent attorney made distasteful, humiliating, degrading comments in reference to Mr. Arnold impairments and disabilities, this attorney was hostile, threatening and demanding, provoking intimidating all of which was harassing to Mr. Arnold, yet the call was in regards to Housing violations to be specific, as here now continuing an ongoing segregative tool which has been used for decades.**

**Discriminatory Treatment by way of Machines, AI. ML. Technologies unspecified, and unrecognized nor aurthorized in its designs, models, datasets, out-puts or otherwise, has unknown capability, that which can steal and falsely identify individuals, when applying credit, which is relevant when in the purchase of a Mortage/Home as seen here with a rental property denials where as the CRA has mixed records and reports with incarcerated persons.**

**Technology can't reason in which it makes predictions or suggests further denying the impaired, seniors and others alike.**

**The Technologies are not readly accessible in their design.**

**Modifications and Accommodations denied.**

**Multiple inquiries were found on Mr. Arnold's credit reports, both SafeRent & Credco, direct evidence.**

**CoreLogic, or Credco, informed Mr. Arnold that SafeRent utilizes a license which allows and or permits access to those private records said to be maintained under Experians control.**

**Noting, Complaint/Demand sent to CoreLogic/Credco, Nov 23rd 2021. and likewise SafeRent, Mr. Arnold informed the attorney that he had questions he wanted answered regarding information SafeRent created. Mr. Arnold goes on to inform this attorney that he was aware of**

**Terry Brown vs CoreLogic RPS class action lawsuit, and didn't want to compromise it.**

**Mr. Arnold states he wanted to be very specific, in reference to the criminal background check conducted by the defendants.**

**Mr. Arnold wanted to know the purpose of the defendants using the information and where the information came from.**

**SafeRent states the name listed as an alias, and that Mr. Arnold had contacted the defendants, the attorney used words such as "error and suppressed the information" the attorney states that the information was obtained from a vendor whom the defendants have not provided, furthermore the fact remains that these types of records have the ability to reappear by the methods used by the defendants, but likewise Law Enforcement and Courts, which mean the issue has not ceased, nevertheless these acts are prohibited procedures and discriminatory in practice, Mr. Arnold questioned by this requested the vendors name so that he could sue them along with the defendants, the verbal assault began by attorney demanding unspecified request with respects to Terry Brown vs CoreLogic settlement agreement, it should be noted that Mr. Arnold was a Class Member in regards to the Brown case and represented by counsel KellyGuzzo who with or without knowledge should had known, the man claimed to be a lawyer and well informed by his**

**demands, the attorney was intimidating and this can be shown within the hostility felt from his rage of aggression**

**Mr. Arnold continued to tell the attorney, "That he didn't want to dispute or argue, the attorney was out of control raising his force yelling at and over, Mr. Arnold, saying, "sir sir",,, however this was to no avail, the attorney states "I'm going to argue with you!" "you're going to answer my questions!", he says this multiple times, while degrading Mr. Arnold by way of name calling and this was offensive,**

**Mr. Arnold asked the attorney, "are you going to continue to be rude to me a disabled man?" The attorney responds "Yes, I absolutely am!"**

**(emphasis added) "Yes I absolutely am!"**

**The attorney identified Credco as his reasons for the retaliation, and as Mr. Arnold recalls he had sent complaints to Credco prior to the call and remained silent concerning it, direct evidence, "clarification", Mr. Arnold's personal information was being shared between the companies, without authorization, medical records had also been provided to Credco, which indicated to Mr, Arnold that those records had also been provided to SafeRent, without Mr. Arnold's authorization., Noting that Mr. Arnold specifically instructed CoreLogic and or Credco not to provide information to SafeRent, Credco obtained a copy of Mr. Arnold Credit report without authorization and these procedures were used in processing of the Arnold's family denials, Mr. Arnold sent Credco a complaint/demand which also included a request for information as to the business practice and relationship between SafeRent, CoreLogic/Credco, direct evidence.**

**Both companies have refused to identify themselves or those procedures even after making aware to them that Mr. Arnold is a person with disabilities, in which barriers have been applied that excludes the Protected Class Members.**

**SafeRent Solutions LLC, f/k/a CoreLogic Rental Property Solutions, attorney states," It happened on SafeRents watch", direct evidence.**
**The attorney continued to coerce and bully Mr. Arnold refused to provide his name, however later provided a name which couldn't be verified.**
**Mr. Arnold contacted the Americans Bar Association and was informed to make a complaint, he would need first, last name and or bar number to identify the attorney.**
**The Defendants, SafeRent Solutions LLC fka CoreLogic Rental Property Solutions LLC. Is a consumer reporting agency as defined by the Fair Credit Reporting Act ("FCRA "). The Defendants provide a tenant screening service which gathers information and creates a report, clients include property management companies, landlords, in the multi-family housing industry to evaluate housing eligibility, Fair Housing Act. Americans Disabilities Act.**
**The Defendants are resellers defined by the FCRA. As such, the Defendants assemble credit information provided by one of the three national consumer reporting agencies (Equifax, Experian, TransUnion) and provide the information to its clients. Mixing Credit Information Private, With Prohibited Criminal Records and Reports of sexual predators,.**
**The Defendants are a tenant screening company, landlords alikewise property managers use these tenant screening services to evaluate prospective tenants. Unlawful, Illegal, Prohibited use of Technologies Unrecongized Machines Use. The purpose is to assess if the tenant will fulfill the terms of the lease agreement and care for the property, the defendants process typically begins once an application is submitted, the process was designed to capture personal identifying information such as name, social security number and date of birth, etc. for the purpose of housing, employment, or otherwise, credit reports are often reviewed for debt, income, pass and current leases, the**

**criminal background check has been a method used for decades and likewise eviction history, a valid government identification is required to confirm the identity of the applicant in compliance with the Federal Trade Commission's," Identity theft Red Flags Rule", Landlords rely on a tenant screening company to produce a tenant screening report and compile credit, public records and other information needed to vet prospective tenants. Information from the application, tenant screening report, along with landlord research is used to arrive at a decision based on that specific rental criteria. The Defendants services is said to specialize in investigating consumer reports.**

**May 2021. Records indicate Credco obtained a copy of Mr. Arnold's Credit report, Liability, these Corp/Comp/Entities are in fact Mixing Private Credit files from all 3. Credit Bureaus In violation of the Fair Housing Act.**

**The New Redlining these entities have the ability to change faces in which they hide and disguise themselves, such conduct raises significant risk in all industries, the ability to approve or deny by these methods are only one of many issues, the matter enters into identity theft, likewise the ability to take free public information to remanufacture for production and sell raises substantial issue, trade of information globally, furthermore its not cost effective, an obvious threat to the economy in which would damage entire families which than increases the tax, and being that Politician and Washington are getting richer, as the segregation continues to exist.**

**Retaliatory phone attack, leading to fraudulent reports concerning those events to Federal Regulators CFPB,. In the case titled Andre Arnold v SafeREnt Solutions, Attorney Christi A. Lawson, continues the SafeRent attack in her answer with affirmative defenses, she specifically refers/identifies Mr. Arnold as a Woman, by way of public humilating**

**statements "Her", section 818 retaliation, at no time was this in error or mistake, records indicate,**

**a. application denial due to unlawful/prohibited use of technology,,**

**b. multiple inquiries on Mr. Arnold credit report, Credco and SafeRent arising from the same incident.**

**c. denial of file, re-investigation, consumer file disclosure, contact information Following this John J. Atallah Foley & Lardner Interferes with a Protected Right by way of objection, interference denying access to discovery, disposition and evidence needed, identification attorney, records, calls, respondent CFPB complaints, caller/receiver SafeRet/Progress all of which has continued to be denied past and present, causing harm.FHA section 818 Interferring with a Protected Right, Retaliation,.**

**Progress, did not review the information being provided as instructed, Per; Client Responsibilities, Progress was aware the information was false and not that of Mr. Arnold yet refused to comply with HUD Guidence and denied the Arnold family.**
**Progress did not investigate, nor had in place, procedures, policy, rules or regulation, in order to prevent such denials from being made.**
**Progress confirms the decision was based on information contained in a consumer report obtained from Corelogic rental property solutions.**
**These policies and practices fail to take into account the nature and severity of an individual's conviction.**

**These policy and practice fail to consider the nature, severity, and recency of criminal conduct.**
**Landscaping creates an unsafe environment for the tenant's, pets and any**

**Visitors, the exterior of the property is covered mainly if not completely with rocks.Note: Rocks are unstable and do not give adequate support to the ground which they lay upon nor anything which is placed on top of them. Example: A person walking, running, jumping or lifting could be hurt and we believe the backyard to be"UNSAFE" and could result in personal injury to self or property for both the residence living at the property but as well their pets or visitors.**

**Property not equipped with a walkway that is solid or without rocks cleared for walking, cleaning, rolling of objects such as a wheelchair or BBQ Grill, Unfortunately the Arnold family was living in fear of injuring themselves or dog daily, along with the sad reality that such an injury could result in the termination of work, a tenants nor their visitor or pets should be subjected to these risks nor be forced to endure such danger.**

**Mr. Arnold has turned over rocks to find areas with large numbers of scorpions, spiders and other bugs hiding - nesting underneath them which poses another hazard which could end in death to both humans or pets.**

**Multiple incidents have occurred which raised safety concerns.**

**The risk of injury to anyone entering the backyard of the residence imminent danger.**

**The Arnold family was subject to tripping, falling which could have ultimately endded with injury or death.**

**The property was unsafe, excessive rocks also prevented the family's dog from having an adequate area for urine and defecate.**

**The excessive rocks made it extremely difficult if not impossible, now, imagine cleaning urin and dog crap off of rocks daily.**

**The Arnold family was forced to restrict themselves inside the residence**

**Complete digital application process which by automation generates scores not supported by the 3. Nations Credit Buearus in which raises concerns.**

**All can be generated as was the automatic denial, no human contact or communication, also referred to as one click denials for applications and this has harmed Protected Class Member Nation Wide.**

**Mr. Arnold also refers to such as automated application rejection tools used in housing, employment, credit, loans, banking and in many other prohibited manners.**

**Blanket ban Prohibited, One federal court of appeals held that such a blanket ban violated Title VII, stating that it could not conceive of any business necessity that would automatically place every individual convicted of any offense, except a minor traffic offense, in the permanent ranks of the unemployed.**

**Prohibited machine models, design and technologies.**

**Violation of FHA ADA.**

**Predictive tools and algorithms used to strategically gather information and exclude.**

**Violations**

a. **No felony convictions within the last 10 years**
b. **All applicants have a criminal background check, conducted by SafeRent Rental Property Solutions.**
c. **Application denial of any felonies within the past 10 years.**
d. **Inability to verify the information, provided by the applicants or credit reporting services.**
e. **Denied/Denial, Adverse Action Letter, Rejection/Reject,**
f. **Progress did not work with legal counsel, to ensure that their applicant approval process complies with FHA ADA Laws.**

**g. Mr. Arnold did not aurthorize the mixing of credit reports with sex related criminal records, Consumer authorization,**

**h. Progress did not verify the data and did not conduct an independent verification of the information contained in the report, to ensure that it pertains to Mr. Arnold before taking adverse action.**

**Furthermore, all parties had full knowledge and were completely aware as to where the information comes from and how it is obtained.**

**Criminal Background Records used by SafeRent Solutions or any other Consumer Reporting Agencies data, arises from criminal records arrest convictions and verious other reports not limited to;**

**Federal, State, local courts, county records, State criminal databases, fugitive lists at the local, state, and federal levels, corrections information, the watch list, and sex offender registries, all of which is free and made publicly available and often inaccurate, the records filed with disparaties unmeasured.**

**Continue: Criminal Records Criminal BackGround, Public Records can found at;**

**Administrative Office of Courts,**

**State departments of corrections**

**Federal Bureau of Investigation**

**Office of Foreign Assets Control**

**State DOC records**

**Probation and parole records**

**County court records**

**State licensing boards**

**State criminal information repositories**

**State sex offender registries**

**Terrorist watch lists.**

**County jail records.**

**Identity History Summary Checks**

**Sex offender registries from every U.S. state, Puerto Rico, Guam, and Washington, D.C.**

**Criminal history such as arrest, charge and offense is much of the information a person could expect to find within these records, however the subject of convictions and sentencing, county/prison or probation/parole can often be found throughout this network as well as it is all apart of the system, now just referred to as data, which is just another name for electrictrically stored info.**

**The reality is SafeRent, like every other consumer reporting agency, is obtaining criminal records from Government sources whose information is often inaccurate and contains unlawful/prohibited acts by law enforcement, prosecutors, defenders, court staff/employees, Judges, both State and Federal alike.**

**Mr. Arnold finds that the defendants have engaged in segregation of Race, Color and Disability, more specifically African Black Men and Women those of Race & Color.**

**Mr. Arnold incorporates the facts, allegations stated above fully herein, and Mr. Arnold seeks to recover damages, Mr. Arnold states that he has been damaged, mentally an any amount would only be of consideration, plus loss of opportunities, benefits, rather incidental cost, or cost associated lost, which should also include any and all attorney's fees, research fee's, assistant fee's, medical, transportation/vehicles, office and assistance, advocates, computers, phones, tv, other special equipments, security, security guard safety, airfare motel/hotel stay, food, clothing, assistance, help, or accommodations and modifications necessary and needed, past present and ongoing into the future**

**and not ending after death, all shall be Joint and Several Liable.**
**All defendants are jointly and severally liable for all acts caused by any of them in reference to the above.**
**All Defendants are jointly and severally liable to Mr. Arnold for said ongoing continuing harm and damage.**

a. **Economic damages compensate aggrieved persons for quantifiable financial losses that result from an act of discrimination.**
b. **Damages for mental and emotional distress have been available under the FHA since its initial passage in 1968. It is well established through numerous court and administrative decisions that the "actual damages" that may be awarded under the Act include damages for embarrassment, humiliation, and mental or emotional distress caused by acts of discrimination. Stewart v. Furton, 774 F.2d 706, 710 (6th Cir. 1985). An early Supreme Court fair housing decision described the injury to a victim of housing discrimination as a "dignitary tort": an injury to the personhood of an individual. Curtis, 415 U.S. at 185 n.10. The fact that the damages for emotional distress are not capable of precise measurement does not prevent the damages from being awarded. Courts do not require exact proof of the degree or amount to be awarded for emotional distress damages. HUD v. Housing Auth. of the City of Las Vegas, HUDALJ 09-94-1016-1 (Nov. 6, 1995). Medical evidence or expert testimony concerning physical symptoms is not required. Harris v. Forklif Systems, Inc., 510 U.S. 17 (1993); Krueger v. Cuomo, 115 F.3d 487 (7th Cir. 1997); Johnson v. Hale, 940 F.2d 1192 (9th Cir. 1991); Human Rights Commission v. LaBrie, FH/FL ¶18,173 (Vt. 1995). Such damages can be inferred from the**

**circumstances, as well as proven by testimony.**

**Indeed, the typical evidence supporting emotional distress damages comes from the complainant or complainants: "[w]ithout a doubt, the most important factor in determining a damage award for intangible injuries is the testimony of the victim." Heifetz and Heinz, Separating the Objective, the Subjective and the Speculative: Assessing Compensatory Damages in Fair Housing Cases, 26 John Marshall L. Rev. 3, at 19 (1992).**

**c. Punitive damages serve "to punish [the defendant] for his outrageous conduct and to deter him and others like him from similar conduct in the future." Smith, 461 U.S. at 54; Hamad v. Woodcrest Condominium Ass'n, 328 F.224, 238 (6th Cir. 2003)(adopting Smith standard in a fair housing case); Marr v. Rife, 503 F.2d 735, 744 (6th Cir. 1974)("willful or wanton conduct"). See also Robert G. Schwemm, Housing Discrimination Law and Practice § 25:10, at 25-54 to 25-55 (2017)("The fact that many decades have now passed since the Fair Housing Act's enactment…the circumstances in the modern era that would justify denial of a punitive award in a case of intentional discrimination are increasingly rare).**

**In Smith v. Wade, 461 U.S. 30 (1983), in a case filed under 42 U.S.C. § 1983, the Supreme Court held that punitive damages could be awarded upon a finding of reckless or callous disregard of or indiference to the plaintif's rights.**

**In Kolstad v. American Dental Ass'n, 527 U.S. 526 (1999), the Court held, in a Title VII employment discrimination action, that the standard is not the "egregious" conduct of the defendant.**

**Rather, the standard is whether the defendant acted with knowledge**

that the action violated the law or with reckless indiference to the plaintif's rights.

D. Congressional policy favors private enforcement of civil rights acts and mandates a liberal construction of attorney's fee statutes. Texas State Teachers Association v. Garland Independent School Dist., 489 U.S. 782 (1989). The eradication of housing discrimination is a policy that Congress considered to be "of the highest priority." Traficante v. Metropolitan Life Ins. Co., 409 U.S. 205, 211 (1972)

Lodestar approach. The Supreme Court has adopted the "lodestar" approach, involving the calculation of the number of hours expended on the litigation multiplied by a reasonable hourly rate, as the most useful starting point for determining a fee award. Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 563 (1986); Blum v. Stenson, 465 U.S. 886, 888 (1984); Hensley v. Eckerhart, 461 U.S.

This action should include Emergency Injunctions with Mandates issued, Prohibiting all as Federally Restricted, use of registries or any other public information.

Awards should be granted in relief of monetary payments under the circumstances of an ongoing lawsuits multi defendants its appropriate for the following inorder to aid Mr. Arnold and any assistance, request that those amounts in damages be submitted, confidential.,.

Mr. Arnold is also entitled to recover damages for intangible injuries such as embarrassment, humiliation, and emotional distress. See, e.g., HUD v. Blackwell, 2 Fair Housing-Fair Lending (P-H), para 25,001 at 25011 (HUDALJ Dec. 21,1989) (hereinafter Blackwell I), aff'd 908 F.2d 864 (11th Cir. 1990); HUD v. Murphy, 2 Fair Housing-Lending (P-H) para. 25,002 at

**25055 (HUDALJ July 13, 1990); See also Smith v. Anchor Bldg. Corp., 536 F.2d 231 (8th Cir. 1976); Steele v. Title Realty Co., 478 F.2d 380, 384 (10th Cir. 1973); McNeil v. P-N & S. Inc., 372 F. Supp. 658 (N.D. Ga. 1973); HUD v. Jarrad, at 25,091. Damages for emotional distress may be based on inferences drawn from the circumstances of the case, as well as on testimonial proof. Blackwell II, at l872; Murphy at 25,055; See also Marable v. Walker, 704 F. 2d 1219,1220 (11th Cir. 1983). Because emotional injuries are by nature qualitative and difficult to quantify courts have awarded damages for emotional harm without requiring proof of the actual dollar value of the injury. See, e.g., Block v. R.H. Macy & Co., 712 F.2d 1241, 1245 (8th Cir. 1983); Steele v. Title Realty Co. at 384; Blackwell I at 25,011; Blackwell II at 872-73. The amount awarded should make the victim whole. See HUD v. Murphy at 25,056; Blackwell I at 25,013.**

**The adopted policy achieved its goal, in return the defendants made profits obtaining free public information, from websites which require fingerprints. This is an enforcement action in response to unlawful, discriminatory housing practices.**

**Fair Housing Act. Disparate Treatment/Intentional, new framework and theories, will move to amend from 1964 - 1968 - 1990 ADA as it applies to both private and public accommodation and modification, barriers , designs, technology, predictive tools, machines, ML. AI.**

**notice: Reconstruction & Ratified the old fashion way Constitutional Challenge, Error, 13th amendment.**

**No Framework, Segregative Effect or Discriminatory Effect, 1964. Title II.**

**Violation of FHA 1968 Civil Rights Movements.**

**Violation of Fair Housing Act. section 818**

**Fair Housing Act. violation of HUD Guidance criminal background record.**
**Fair Housing Act. violation automated application rejection tools, technology, predictive tools, algorithms, ML. AI. and other Machine related Analytics.**
**Fair Housing Act. Disparate Impact Affirmed 2015.**
**Americans with Disabilities Act. Accommodations, no current framework**
**Americans with Disabilities Act. Modifications, no current framework**
**Americans Disabilities Act. amend.**
**Andre Darnell. Arnold, new framework & theories**
**Technology, Machines. ML. AI.**
**Deceptive Discriminatory Practices. DDP**
**Corp/Comp/Business, Persons/Individuals/Federal or State Governments**
**Remove use of Public Records Criminal Records as methods in determining Housing, Employment, Credit, Health, Life in General.**
**America utilizes birth certificates/place of birth, social security number, both of which are required in order to obtain identification in the United States. The driver's license or general identifications are picture related, and provide body features such as height and weight, date of birth, and year of birth, to be specific, so who does this become a issue in the free world yet in a prison or jail the men out number law enforcements by the hundreds and thousand, Yet the identity has not been an issue, because it was meant to segregate for a period of time.**

**MICHIGAN OF 1963 ARTICLE I DECLARATION OF RIGHTS**

**Political Power.**
**Sec. 1. All Political Power is inherent in the People.**
**Government is instituted for their equal benefit, security and protection.**
**Equal protection, Discrimination.**

**Sec. 2. No person shall be denied the equal protection of the laws, nor shall any person be denied the enjoyment of his civil or political rights or be discriminated against in the exercise thereof because of religion, race, color or national origin.**

**Slavery and involuntary servitude.**

**Sec. 9. Neither slavery, nor involuntary servitude unless for the punishment of crime, shall ever be tolerated in this state.**

**The Discriminatory effect, showing that the challenged practice, actually or predictably results in a disparate impact on a group of persons or creates, increases, reinforces, or perpetuates segregated housing patterns because of race, color, religion, sex, handicap, familial status, or national origin.**

**42 U.S. Code § 3613 Enforcement by Private Persons (c)(1)(2)**

**Discriminatory housing practice means an act that is unlawful under section, 804, 805, 806, or 818 of the Fair Housing Act.**

**The Defendants, SafeRent Solutions LLC fka CoreLogic Rental Property Solutions LLC is in violation of;**

**The Fair Housing Act & American with Disabilities Act.**

**Disparate Impact -Discriminatory Effect:**

**Criminal Background Check - criminal records - public records, alike.**

**Disparate Treatment Direct Harassment:**

**ADA Disparate Treatment Direct Harassment:**

**42 U.S. Code § 3604**

**Discrimination in the sale or rental of housing and other prohibited Practices (a)(b)(f)(1) (A)(B)(C)(2)(A)(B)(C)**

**42 U.S. Code § 3617**

**Interference, coercion, or intimidation. sec. 818.**

**42 U.S. Code § 3631 Violations; penalties (a)(b)(1)(2)**

**42 U.S. Code Subchapter III**

**24 CFR § 100.7 Liability for discriminatory housing practices.**

**(a) Direct liability.**

**(1) A person is directly liable for: (i) (ii) (iii) (2) (b)**

**24 CFR § 100.50 Real estate practices prohibited.**

**(a) (b) It shall be unlawful to: (1) (2) (3) (5) (6) (7)**

**24 CFR § 100.60 unlawful refusal to sell or rent or to negotiate for the sale or rental. (a)(b)(1)(4)**

**24 CFR § 100.65 Discrimination in terms, conditions and privileges and in services and facilities., (a)(b)(1)(3)(7)**

**24 CFR § 100.70 Other prohibited sale and rental conduct, (a) (b) (c) (1)**

**24 CFR § 100.202 General prohibitions against discrimination because handicap. (a)(2)(3)(b)(1)(2)(3)**

**24 CFR § 100.400 Prohibited interference, coercion or intimidation. (a)(b)(c)(1) (2 (4)(5)(6)**

**24 CFR § 100.500 Discriminatory effect prohibited, (a) (2) (c)(1)(2)(3)**

**42 U.S. Code § 12181) (A)(B)(C)(6)(7)(F)**

**42 U.S. Code § 12182 (a)(b)(1)(A)(i)(ii)(iii)(iv)(C)(D)(i)(ii)(E)(2)(A)(i)(ii)(iii)(iv)(v) Prohibition of discrimination by public accommodations.**

**42 U.S. Code § 12203 Prohibition against retaliation and coercion (a)(b)**

**THE FAIR HOUSING ACT. 1968**

**The Fair Housing Act, 42 U.S.C. §3601, et. seq., Prohibits Discrimination**

**in Housing based upon race, color, religion, sex, familial status, and national origin. Discrimination in the sale or rental of housing and other Prohibited Practices enacted in 1968 to remove Racial restrictions in the housing market. A subsequent amendment added Disability to the "Protected Classes", Enumerated in 42 U.S.C. §3604. FHA.**

**Disparate Treatment Direct Evidence**

**Trans World Airlines v. Thurston, 469 U.S. 111, 121 (1985) (noting in a Title VII case that "the McDonnell Douglas test is inapplicable where the plaintiff presents direct evidence of discrimination."**

**Pinchback v. Armistead Homes Corp., 907 F.2d 1447, 1452 (4th Cir.), cert. denied, 498 U.S. 983 (1990). There is no need to conduct a McDonnell Douglas prima facie case analysis where direct evidence supports the determination of a reasonable case.**

**The "prima facie case" concept—approved by the U.S. Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) for use in Title VII employment discrimination cases involving indirect, circumstantial evidence of disparate treatment—applies to fair housing discrimination cases. See, e.g., Cinnamon Hills Youth Crisis Center, Inc. v. St. George City, 685 F.2d 917, 919 (10th Cir. 2012)(McDonnell Douglas framework "entrenched" in the FHA context); Lindsay v. Yates, 578 F.3d 40 (6th Cir. 2009); Soules v. HUD, 967 F.2d 817, 822 (2d Cir. 1992); Robinson v. 12 Lofs Realty, Inc., 610 F.2d 1032, 1038 (2d Cir. 1979).**

**Notice of amended Complaint,.**

**Respectfully Submitted by,**
**Andre Darnell. Arnold with Prayer for Relief,**
**Protected Class Member**

**Date:** 7/9/24

**Respectfully Submitted:** ______________________

**Andre Darnell. Arnold**

**1314 Partridge ct.**

**Tecumseh MI 49286**

**803-900-2293**

**Sidndreroyalty@gmail.com**

**CERTIFICATE OF SERVICE**

**I hereby certify that on, 7/9/24 Mr. Arnold sent a true and correct copy of the foregoing document in the above action**

**Andre Arnold v. SafeRent Solutions LLC**

**Served via email to,**

**John J. Atallah Foley & Lardner LLP**

**555 S. Flower Street, Suite 3300**

**Los Angeles, CA 90071-2418**

**213.972.4834**

**jatallah@foley.com**

**I, declare under penalty of perjury under the laws of the United States and the State of Michigan that the foregoing is true and correct.**

**Executed on, 7/9/24**

**Andre D. Arnold**

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

**County in which action arose:** Lenawee

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| **I. (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Andre Darnell. Arnold | SafeRent Solution LLC. f/k/a CoreLogic Rental Property Solutions LLC |
| **(b)** County of Residence of First Listed Plaintiff: Lenawee<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant: Dallas<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

440

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [x] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***: 42 USC Ch. 45: FAIR HOUSING

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint: **JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE Denise Page. Hood DOCKET NUMBER 2:22-cv-11481-

DATE: July 9, 2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

## PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?

☐ Yes
☒ No

If yes, give the following information:

Court: ______________________________

Case No.: ______________________________

Judge: ______________________________

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

☐ Yes
☒ No

If yes, give the following information:

Court: ______________________________

Case No.: ______________________________

Judge: ______________________________

Notes :