## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ANDRE DARNELL ARNOLD,

     Plaintiff,

                            Case No. 24-CV-11776-DT

v.

                            HON. DENISE PAGE HOOD

SAFERENT SOLUTIONS, LLC, et al.,

     Defendants.

_____/

## ORDER DENYING NOTICE OF MOTION AND MOTION
## FOR RELIEF FROM JUDGMENT (#16),
## DENYING AS MOOT MOTION TO APPOINT COUNSEL (#19),
## AND
## DENYING AS MOOT NOTICE OF MOTION AND MOTION FOR
## CONSTITUTIONAL CHALLENGE (#20)

On August 30, 2024, the Court entered a Judgment and Order dismissing Plaintiff Andre Darnell Arnold's Complaint with prejudice. (ECF Nos. 13, 14) This matter is before the Court on a Notice of Motion and Motion for Relief from Judgment, a Motion to Appoint Counsel, and Notice of Motion and Motion for Constitutional Challenge. (ECF Nos. 16, 19, 20)

A Motion to Alter or Amend a Judgment or for New Trial "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b) and (e). The decision of whether to grant a motion to alter or amend the judgment under Fed. R.

Civ. P. 59 is discretionary with the district court. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 132 (6th Cir. 1990). A motion to alter or amend the judgment will generally be granted if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.,* 909 F.3d 834, 841 (6th Cir. 2018)(quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n. 5 (2008)(additional quotation omitted)). In addition, a Rule 59(e) motion to alter or amend the judgment is not a substitute for an appeal. *See Johnson v. Henderson,* 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).

Rule 60(b) of the Federal Rules of Civil Procedures provides that,

[T]he court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The standard under Rule 60(b) is significantly higher than the Rule 59(e) standard.  *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998).  Motions based on Rule 60(b)(1), (2) and (3) must be filed no more than a year after the entry of the judgment or order.  Fed. R. Civ. P. 60(c)(1).  Under the catch-all provision in subsection (6), the Sixth Circuit has held that a Rule 60(b)(6) motion must be based upon some reason other than those stated in subsections (1) to (5).  *Smith v. Secretary of Health and Human Services*, 776 F.2d 1330, 1333 (6th Cir. 1985).  Extraordinary circumstances are needed to grant relief under Rule 60(b)(6).  *Id.*

Arnold is not entitled to relief under Rule 59 since the Judgment was entered an August 30, 2024 (ECF No. 14) and the Motion for Relief from Judgment was filed on October 17, 2024 (ECF No. 16), beyond the 28 days deadline under the Rule 59.

As to any relief sought under Rule 60(b), if any, Arnold's post-judgment motions raise arguments which were addressed by the Court in its order dismissing the Complaint and has not shown that the Court clearly erred in its ruling.  Arnold has not shown that there was a mistake, inadvertence, surprise, or excusable neglect that requires relief under Rule 60(b)(1).  He also has not shown that there is newly discovered evidence which by due diligence could not have been discovered in time

to move for relief under Rule 59 as set forth in Rule 60(b)(2).  Arnold further has failed to show fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party which entitles relief under Rule 60(b)(3).  Rule 60(b)(4) is  not applicable since the judgment is not void.  The judgment has not been reversed nor vacated, nor has it been shown that applying the judgment prospectively is no longer equitable, also making Rule 60(b)(5) not applicable.  As to the catch-all provision in Rule 60(b)(6), Arnold fails to meet his burden that extraordinary circumstances exist to set aside the Judgment.  The Court denies any relief requested under Rule 60(b) since Arnold has not carried his burden to set aside, amend or correct the Court's Judgment and Order dismissing his claims.

Because the Judgment will not be set aside, the request to appoint counsel and motion for constitutional challenge are accordingly denied as moot.

For the reasons set forth above,

IT IS ORDERED that Plaintiff Andre Darnell Arnold's Notice of Motion and Motion for Relief from a Judgment Order or Proceeding **(ECF No. 16)** is DENIED.

IT IS FURTHER ORDERED that the Motion to Appoint Counsel and Notice of Motion and Motion for Constitutional Challenge **(ECF Nos. 19, 20)** are DENIED as MOOT.

IT IS FURTHER ORDERED that the case remains CLOSED.

4

IT IS FURTHER ORDERED that this action is frivolous under 28 U.S.C. § 1915(e)(2)(B).  Any Appeal of this Order would be frivolous and would not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).


s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED:  October 24, 2024