**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANDRE ARNOLD,

Plaintiff,

v.

Case No. 24-11776
Hon. Denise Page Hood

SAFERENT SOLUTIONS, LLC, et al.,

Defendants.
_________________________________/

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER [ECF No. 27]**

Before the Court is Plaintiff Andre Darnell Arnold's Motion for Temporary Restraining Order. The Court, having reviewed the matter finds the motion must be denied since there are no longer any claims before the Court and this action is CLOSED. An Order dismissing the action and a Judgment were entered on August 30, 2024. ECF Nos. 13, 14. The Court entered orders relating to Plaintiff's post-judgment motions. ECF Nos. 22, 24. Plaintiff did not appeal any of the Court's orders in this action.

The July 9, 2024 Complaint against several corporate and individual Defendants alleged claims under the Constitutional Federal Civil Rights under the 13th, 14th, 15th and 4th Amendments, and Enforcement Action under the Fair Housing Act and Americans Disabilities Act. ECF No. 1, PageID.2. As noted above, the claims were dismissed by the Court. Plaintiff claims in his current motion that

he has been "trafficked here to Michigan from California through multiple states …" ECF No. 25, PageID.399. The injunctive relief he seeks, among others, include immediate medical attention, armed secure vehicles, gear and protection, and assistance of counsel and investigators. *Id.* at PageID.404-.409. He submitted various photos, documents, identifications and an Order Regarding No Contact from the State of Michigan 2A District Court. *Id.* at PageID.415-.434 and ECF No. 26.

After the issuance of a final judgment, no further relief, including any declaratory or injunctive relief, is available unless a court alters or amends the final judgment. *See, e.g., Clarke v. Maddow*, 2022 WL 4466620, *1 (D. Alaska Sept. 26, 2022). A district court has no jurisdiction to entertain a post-judgment motion for injunctive relief. *See, e.g., Thompson v. Erdos*, Case No. 1:16-cv-00770, 2017 WL 3769339, *1 (S.D. Ohio Aug. 29, 2017). Courts do have ancillary enforcement post-judgment jurisdiction over certain matters, such as attorney fee disputes, but that is not the issue raised in Plaintiff's motion. *See, Butt v. United Brotherhood of Carpenters & Joiners of America*, 999 F.3d 882, 889 (3rd Cir. 2021). It is noted that a motion for temporary restraining order under Rule 60(b)(2) of the Rules of Civil Procedure is usually made at the initial stages of litigation. This Court will not consider Plaintiff's post-judgment injunctive motion for a temporary restraining order since a final judgment has been entered in this action, which has not been altered nor amended.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Temporary Restraining Order **[ECF No. 25]** is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for a Hearing **[ECF No. 27]** is **MOOT**.

s/Denise Page Hood
Denise Page Hood
United States District Judge

DATED: November 25, 2026